UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MOSES BOB PESSIMA,<br><br>Plaintiff,<br><br>vs.<br><br>THE FIELD OFFICER, Department of Homeland Security/United States Citizenship and Immigration Services, in their official capacity, and THE DISTRICT DIRECTOR, DHS/USCIS, in their official capacity,<br><br>Defendants. | 4:19-CV-04202-KES<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION TO VACATE DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION TO SCHEDULE TRIAL DATE, AND DENYING PLAINTIFF'S MOTION TO SECURE ATTORNEY |

Plaintiff, Moses Bob Pessima, filed suit against defendants, The Field Officer and The District Director, both of the Department of Homeland Security (DHS)/United States Citizenship and Immigration Services (USCIS), alleging causes of action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Docket 1. Defendants move to dismiss the complaint. Docket 31. Pessima opposes the motion by moving the court to vacate defendants' motion to dismiss. Docket 33. Pessima also filed a motion for summary judgment (Docket 19), a motion to schedule dates for trial hearing (Docket 36), and a motion for leave to secure an attorney (Docket 41). Defendants oppose Pessima's motion for summary judgment and motion to vacate. Docket 34. Defendants also oppose Pessima's motion to schedule

dates for trial hearing. Docket 37. For the following reasons, the court grants the defendants' motion to dismiss (Docket 31) and denies Pessima's outstanding motions (Dockets 19, 33, 36, 41).

## FACTS

The facts alleged in the complaint (Docket 1), Pessima's affidavit (Docket 2), and the certified administrative record (Docket 32-1), accepted as true, are as follows:

Pessima is a native and citizen of Sierra Leone. Docket 32-1 at 32. In approximately March of 1997, Pessima was expelled from the United Kingdom after winning a racial discrimination lawsuit. Docket 1 ¶ III.B. After leaving the United Kingdom, Pessima sought asylum in the United States. *Id.* ¶ III.A-B. Upon arriving in the United States, Pessima alleges he was told by the Immigration and Naturalization Service (INS), the predecessor agency to USCIS and other DHS immigration agencies, that he would not be allowed in the country because "you are coming here to help your black brothers and sisters[.]" *Id.* ¶ III.B. In his asylum case, the immigration judge told INS that wanting to help his brothers and sisters is not a crime. *Id.* The immigration judge granted Pessima an indefinite stay in the United States.[1] *Id.* ¶ III.A-B. Pessima alleges that INS appealed the immigration judge's decision to the Board of Immigration Appeals (BIA).[2] *Id.* ¶ III.A. Pessima claims the BIA "resen[t] the case." *Id.* While it is not clear what the BIA resending the case

---

[1] Defendants claim that the immigration judge initially denied asylum on May 23, 1996. Docket 32 at 3.
[2] Defendants claim that Pessima appealed to the BIA. Docket 32 at 3.

2

means, Pessima appears to have attained asylee status in the United States.[3] *See* Docket 32-1 at 24 (listing Pessima's current INS status as asylee).

Pessima filed a civil lawsuit against the Immigration Detention Center where he was detained upon arriving in the United States. Docket 1 ¶ III.C. Pessima's case against the detention center did not survive summary judgment. Docket 2 at 1.

Pessima later filed for adjustment of status under 8 U.S.C. § 1159(b) with INS on September 26, 2000. Docket 32-1 at 24. Adjustment of status is the primary means by which an alien in the United States can become a lawful permanent resident (LPR), and § 1159 is the legal means for an asylee to become a LPR. *See* 8 U.S.C. § 1159. Pessima's application for adjustment of status was denied by USCIS on February 1, 2007. *Id.* at 10-12. In 2010, Pessima sent letters to the USCIS office in Bloomington, Minnesota and the Nebraska Service Center inquiring into the "hold" placed on his application for adjustment of status. *Id.* at 4-8. The Nebraska Service Center responded to Pessima on July 11, 2012 explaining that his application was considered abandoned because he did not respond to requests for initial evidence within the required time period. *Id.* at 3. Specifically, Pessima failed to submit the results of a medical examination and failed to demonstrate compliance with the vaccination requirements in 8 U.S.C. § 1182(a)(1)(A)(ii) and 8 C.F.R. § 209.2(d). *Id.* at 11-12. Pessima also failed on three separate occasions to appear for a

---

[3] Defendants acknowledge that Pessima was granted asylum on May 5, 1997. Docket 32 at 3.

biometric appointment to have his fingerprints taken as required under 8 C.F.R. § 103.2(b)(13)-(14). *Id.* at 10, 14-19. Pessima states that he believes USCIS and its agents denied his application for adjustment of status in retaliation for his previous lawsuit against the Immigration Detention Center. Docket 1 ¶¶ II.B, D, III.C.

It is unclear what relief Pessima seeks, but he notes under the "Relief" section in his complaint that "[he] would have obtained his naturalization/citizenship certificate; [he] would be able to further his education – attend law school; [and] [he] would be able to further his career – to local, state or federal career." *Id.* ¶ V.

## DISCUSSION

### I.     Legal Standard

The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), the court assumes all facts as alleged in the complaint are true and makes any reasonable inferences from those facts in a light most favorable to the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008); *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court need not accept all legal conclusions as true. *Id.* A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Courts must construe all pleadings so "as to do justice[.]" Fed. R. Civ. P. 8(e). Pro se filings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A] pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Id.* (quoting *Estelle*, 429 U.S. at 106). But "[a]lthough pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citing *Faretta v. California*, 422 U.S. 806, 834-35 n.46 (1975)).

## II.   Pessima's *Bivens* Claim

In his complaint, Pessima asserts a claim against defendants under *Bivens*. Docket 1 ¶ II.A. "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting *in his or her individual capacity* for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998) (emphasis added); *see also Little v. South Dakota,* No. 5:14-CV-05069-JLV, 2014 WL 6453844, at *3 (D.S.D. Nov. 17, 2014) ("A *Bivens* action may not be asserted against the

5

United States, its agencies, or against federal employees in their *official* capacity." (emphasis in the original) (internal quotation omitted)).

Defendants contend that the complaint fails to state a claim under *Bivens*. Docket 32 at 13-14. First, in the complaint, Pessima's claims are alleged against defendants in their official capacities as employees of the DHS/USCIS. Docket 1 ¶ I.B. But a suit against defendants in their official capacity is treated as a suit against the DHS/USCIS—agencies of the United States. *See Buford*, 160 F.3d at 1203. "[A] *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity." *Id.* And "*Bivens* and its progeny do not waive sovereign immunity for actions against the United States[.]" *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982).

Second, defendants allege that in his complaint, Pessima did not fill out the area provided to specify which constitutional rights are being violated by federal officials. Docket 32 at 14. A review of the complaint confirms this allegation. *See* Docket 1 ¶ II.C. Thus, Pessima has failed to specify what constitutional rights were violated as required by *Bivens*.

Third, defendants allege that Pessima's claim is barred by the statute of limitations. Docket 32 at 9-10. "[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. . . ." 28 U.S.C. § 2401(a). Here, the USCIS denied Pessima's application for adjustment of status on February 1, 2007. Docket 32-1 at 10. Consequently, Pessima's right of action first accrued on

6

February 1, 2007. Yet Pessima did not file suit until December 16, 2019, well beyond the six-year statute of limitations. *See* Docket 1. While Pessima's pro se complaint is entitled to liberal construction, this court cannot "construct a legal theory for [Pessima] that assumes facts that have not been pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal quotation omitted).

Thus, the court finds that Pessima's *Bivens* claim is barred by the doctrine of sovereign immunity, fails to identify which of his constitutional rights were violated, and is proscribed by the applicable statute of limitations.

### III.    Pessima's § 1983 Claim

Pessima's complaint seeks to assert a claim under 42 U.S.C. § 1983 against defendants. Docket 1 ¶ II.A-B. Section 1983 provides a remedy for the deprivation of a Constitutional right or any right secured by federal law when the deprivation occurs "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . ." 42 U.S.C. § 1983. Section 1983 claims only reach state action and do not provide a cause of action against federal officials acting under the color of federal law. *See Savage v. United States*, 450 F.2d 449, 451 (8th Cir. 1971) ("Neither the United States Attorney nor his Assistant, because of their respective federal positions, can be sued under § 1983. That section reaches State action only.") Thus, because defendants are not state actors acting under color of state law, Pessima's complaint fails to state a claim under 42 U.S.C. § 1983.

7

### IV.     Review under the Administrative Procedure Act

While Pessima does not make a claim under the Administrative Procedure Act (APA), defendants argue that any potential challenge under the APA fails to state a claim upon which relief can be granted. Docket 31 at 1-2; Docket 32 at 10-13. The APA allows for judicial review of agency action. *See* 5 U.S.C. § 706. "Under the APA, a reviewing court will not set aside agency action unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' " *Sierra Club v. Kimbell*, 623 F.3d 549, 559 (8th Cir. 2010) (quoting 5 U.S.C. § 706(2)(A)). A district court's review under this "arbitrary and capricious" standard is narrow. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). When a district court reviews an agency's explanation for its decision, the court "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Id.* (quoting *Bownman Transp. Inc. v. Arkansas-Best Freight Sys.*, 419 U.S. 281, 285 (1974)). An agency's decision is arbitrary and capricious

> if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Id.*

Here, defendants argue that Pessima has not demonstrated how USCIS's decision not to grant Pessima permanent residence status was arbitrary and capricious. First, an applicant for adjustment of status under 8 U.S.C. 1159(b)

8

must show admissibility. 8 U.S.C. § 1159(b)(5); 8 C.F.R. § 209.2. One ground for inadmissibility is failure to submit required medical examination documents. 8 U.S.C. § 1182(a)(1)(A). Pessima failed to properly submit a Form I-693 and a vaccination supplement required under 8 C.F.R. § 209.2(d) and was subsequently denied for adjustment of status for that failure. Docket 32-1 at 12. Thus, Pessima has failed to demonstrate his admissibility for permanent residence status and USCIS appropriately denied his application on that ground. Second, defendants contend that Pessima failed to appear for several biometric appointments to have his fingerprints taken, which is a basis for denial under 8 C.F.R. §§ 103.2(b)(13)-(14). The administrative record indicates that Pessima received biometric appointment notices on March 22, 2005, September 23, 2005, and May 4, 2006, all of which were returned as undeliverable. Docket 32-1 at 14-19. Because Pessima failed to comply with the regulations and appear for his biometric appointments, the USCIS's decision was lawful. Thus, the court finds that the USCIS's denial of Pessima's application for adjustment of status was not arbitrary and capricious but was in accordance with law.

## CONCLUSION

Pessima fails to state a claim under *Bivens*, 42 U.S.C. § 1983, or the Administrative Procedure Act. Thus, it is ordered:

1. Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim (Docket 31) is granted.

2.     Pessima's Motion for Summary Judgment (Docket 19) is denied because defendants timely responded to the complaint.

3.     Pessima's Motion to Vacate (Docket 33) is denied because defendants' motion to dismiss complied with all federal rules.

4.     Pessima's Motion to Schedule Dates for Trial Hearing (Docket 36) is denied as moot.

5.     Pessima's Motion for Leave to Secure an Attorney (Docket 41) is denied as moot because Pessima has had adequate time to hire an attorney to represent him in this matter.

Dated December 29, 2020.

                               BY THE COURT:

                               /s/ *Karen E. Schreier*
                               KAREN E. SCHREIER
                               UNITED STATES DISTRICT JUDGE